N/S

FILED

# UNITED STATES DISTRICT COURT

2026 FEB -2 PM 12:03

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

## CENTRAL DISTRICT OF CALIFORNIA

BY:_____ GA

**DIKEBA D. GROSS,**
 Plaintiff,

v.

**LOS ANGELES UNIFIED SCHOOL DISTRICT,**
 Defendant.

Case No.: _2:26cv 01041 - DSF -PD_

## COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

**(Disability Discrimination, Failure to Accommodate, Retaliation)**
 **JURY TRIAL DEMANDED**

---

# I. JURISDICTION AND VENUE

1. This action arises under the **Americans with Disabilities Act of 1990 ("ADA")**, 42 U.S.C. § 12101 et seq.

2. This Court has jurisdiction pursuant to **28 U.S.C. § 1331** because this action presents a federal question.

3. Venue is proper in this District under **28 U.S.C. § 1391(b)** because the events giving rise to these claims occurred within this District and Defendant conducts business here.

---

# II. PARTIES

4. Plaintiff **Dikeba D. Gross** is an individual residing in Los Angeles County, California.

5. Defendant **Los Angeles Unified School District ("LAUSD")** is a public school district and employer within the meaning of the ADA.

---

# III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff timely filed a Charge of Discrimination with the **Equal Employment Opportunity Commission ("EEOC")**, Charge No. **480-2025-06162**, alleging disability discrimination, failure to accommodate, and retaliation.

7. On **January 16, 2026**, the EEOC issued Plaintiff a **Notice of Right to Sue**.

8. This action is filed within **ninety (90) days** of Plaintiff's receipt of that Notice.

9. All administrative prerequisites to suit have been satisfied.

---

# IV. FACTUAL ALLEGATIONS

10. Plaintiff is a certificated educational counselor employed by Defendant.

11. Plaintiff has a medical condition that constitutes a **disability** under the ADA and substantially limits one or more major life activities, including bladder and genitourinary function.

12. Beginning in or about **August 2024**, Plaintiff provided Defendant with medical documentation and requested **reasonable accommodations**, including work assignments compliant with medically approved travel and restroom-access limitations.

13. Defendant had **actual knowledge** of Plaintiff's disability and accommodation needs through medical submissions and direct communications with administrators responsible for personnel and placement decisions.

14. Despite this knowledge, Defendant **failed to engage in a timely, good-faith interactive process** as required by the ADA.

15. Defendant assigned Plaintiff to placements and work conditions that **exceeded approved limitations**, making compliance with Plaintiff's medical restrictions

foreseeably impossible.

16. As a result of Defendant's actions, Plaintiff experienced **medical incidents**, physical distress, humiliation, and emotional harm in the workplace.

17. Plaintiff repeatedly objected to these unsafe and non-compliant assignments and renewed accommodation requests, thereby engaging in **protected activity** under the ADA.

18. Following Plaintiff's protected activity, Defendant subjected Plaintiff to **materially adverse employment actions**, including but not limited to:
    a. Repeated destabilizing reassignments;
    b. Removal from meaningful work duties;
    c. Placement in idle or underutilized roles;
    d. Escalation of investigatory and disciplinary actions; and
    e. Issuance of a suspension notice.

19. The timing and sequence of these actions demonstrate a **causal connection** between Plaintiff's protected activity and Defendant's adverse actions.

20. As a direct and proximate result of Defendant's conduct, Plaintiff suffered **lost wages, emotional distress, medical harm, and damage to his professional reputation and future employment prospects**.

---

# V. CAUSES OF ACTION

## COUNT I

**Disability Discrimination (ADA – 42 U.S.C. § 12112)**Plaintiff realleges paragraphs 1–20.

21. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

22. Defendant discriminated against Plaintiff on the basis of disability by subjecting him to adverse terms, conditions, and privileges of employment.

23. Defendant's conduct was intentional or undertaken with reckless disregard for Plaintiff's federally protected rights.

d. Loss of professional standing and future earnings capacity.

# VII. JURY DEMAND

34. Plaintiff **demands a trial by jury** on all issues so triable.

# VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendant's conduct violated the ADA;
B. Award compensatory damages according to proof;
C. Award statutory and equitable relief as permitted by law;
D. Award costs and reasonable attorney's fees pursuant to statute;
E. Grant injunctive relief to prevent future violations; and
F. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: 1/30/26

DIKEBA D. GROSS
Plaintiff, Pro Se
21403 Legend Ave
Carson, CA 90745
(213) 258-8831

## COUNT II

### Failure to Accommodate and Failure to Engage in the Interactive Process (ADA – 42 U.S.C. § 12112(b)(5)(A))

25. Plaintiff realleges paragraphs 1–24.

26. Plaintiff requested reasonable accommodations related to his disability.

27. Defendant failed to provide reasonable accommodations and failed to engage in a good-faith interactive process.

28. Defendant's failures deprived Plaintiff of equal employment opportunities and caused harm.

## COUNT III

### Retaliation (ADA – 42 U.S.C. § 12203)

29. Plaintiff realleges paragraphs 1–28.

30. Plaintiff engaged in protected activity under the ADA.

31. Defendant subjected Plaintiff to materially adverse actions because of that protected activity.

32. Defendant's retaliatory conduct would dissuade a reasonable employee from exercising ADA rights.

# VI. DAMAGES

33. As a result of Defendant's unlawful conduct, Plaintiff has suffered:
    a. Lost wages and benefits;
    b. Emotional distress and mental anguish;
    c. Medical and out-of-pocket expenses;



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Los Angeles District Office**
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 01/16/2026

**To:** Mr. Dikeba D. Gross
21403 Legend Ave
CARSON, CA 90745
Charge No: 480-2025-06162

EEOC Representative and email:   YVONNE LOZANO
INVESTIGATOR
YVONNE.LOZANO@EEOC.GOV

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 480-2025-06162.

On behalf of the Commission,

Digitally Signed By:Christine Park-Gonzalez
01/16/2026

Christine Park-Gonzalez
District Director